**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JORDAN DENNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1154 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| DAVID E. WALLACE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**</u>

This matter came before the undersigned for hearing, pursuant to the Preliminary

Approval Order[1] dated June 27, 2011 (Doc. 49), on Plaintiff's unopposed Motion for Approval

of the Settlement set forth in the Stipulation, and due and adequate notice having been given to

the Settlement Class as required in said Preliminary Approval Order, and the Court having

considered all papers and proceedings had herein and otherwise being fully informed in the

premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that:

      1.      This Court has jurisdiction over the subject matter of the Action and over all

Parties to the Action, including the members of the Settlement Class.

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all
capitalized terms shall have the same meanings and/or definitions as set forth in the Stipulation
and Agreement of Settlement dated June 7, 2011 ("Stipulation"), and filed with the Court on
June 7, 2011. *See* Doc. 47.

2.      This Order Granting Final Approval of Settlement and Judgment incorporates and makes a part hereof:  (i) the Stipulation; and (ii) Court-approved Notice, which was filed with the Court as Exhibit C to the Stipulation.[2]

3.      The Notice of the Settlement given to the Settlement Class was the best notice practicable under the circumstances.  The Notice provided due and adequate notice of the Action and of the matters set forth in the Stipulation, including the Settlement, to all Persons entitled to such notices, and the Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and due process, and any other applicable law, statute, or rule.

4.      The Court finds that, in light of the Parties' agreement to settle the claims alleged in the Action, the Settlement Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Federal Rule of Civil Procedure 23 for the reasons set out in the Preliminary Approval Order.  Therefore, for purposes of settlement only, the Court hereby certifies a non-opt-out Settlement Class consisting of any and all record and beneficial holders of Superior Well common stock, their respective successors, predecessors, representatives, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Superior Well common stock on any day during the period from August 12, 2010 to and including September 10, 2010, the effective date of consummation of the Transaction, but excluding Defendants and Defendants' affiliates.

---

[2]  For the purposes of this filing, "Judgment" means the instant ruling, not the Final Judgment Order entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, filed contemporaneously herewith.

5.      The Court finds the Settlement is in all respects fair, reasonable, and adequate with respect to the Settlement Class, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Stipulation, and hereby approves the Settlement as set forth in the Stipulation.

6.      The Court approves the amount of $475,000.00 for the payment of Plaintiff's attorneys' fees and expenses and directs such payment to be transferred in accordance with the terms and conditions set forth in the Stipulation.

7.      Upon the Effective Date, Plaintiff and members of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice completely, individually, and collectively, the Released Claims (including Unknown Claims) against the Released Parties; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

8.      The Court permanently bars and enjoins Plaintiff and all members of the Settlement Class (and their predecessors, successors, and assigns) from commencing, prosecuting, instigating or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims (including Unknown Claims), either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

9.      Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, Plaintiff, Plaintiff's Counsel, and members of the Settlement Class, from all claims

3

based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

10.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

11.     The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of the Judgment in any way, the Court hereby retains continuing jurisdiction over the Action and the Parties for:  (i) implementation of the Settlement; and (ii) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement.

13.     In the event that the Judgment is rendered or declared invalid by a court of competent jurisdiction, such invalidation of such part or portion of the Stipulation should not invalidate the remaining portions thereof, and they shall remain in full force and effect.

14.     The Court finds that during the course of the Action the Parties and their respective counsel at all times acted professionally and in compliance with Federal Rule of Civil Procedure 11, and all other similar statutes or court rules with respect to any claims or defenses in the Action.

15.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     The Action is hereby dismissed as against Defendants with prejudice, and without fees or costs (except as set forth in the Stipulation and paragraph 6 herein).

IT IS SO ORDERED.


September 9, 2011                                          s\Cathy Bissoon_____
                                                          Cathy Bissoon
                                                          United States Magistrate Judge


cc (via ECF email notification):

All Counsel of Record